**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

PARADISE VALLEY HOLDINGS, INC.
d/b/a ACE TV RENTAL
d/b/a CHOICE RENT TO OWN

                Debtor

G. WAYNE WALLS, TRUSTEE

                Plaintiff

    v.

UNITED FURNITURE INDUSTRIES, INC.,
d/b/a COMFORT FURNITURE

                Defendant

Case No. 03-34704

Adv. Proc. No. 05-3300

**MEMORANDUM ON PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**APPEARANCES:**    HODGES, DOUGHTY & CARSON, PLLC
                            Keith L. Edmiston, Esq.
                            Matthew A. Birdwell, Esq.
                            Post Office Box 869
                            Knoxville, Tennessee  37901-0869
                            Attorneys for Plaintiff

                          BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
                            Robert R. Carl, Esq.
                            2200 Riverview Tower
                            900 South Gay Street
                            Knoxville, Tennessee  37902
                            Randal S. Mashburn, Esq.
                            Courtney H. Gilmer, Esq.
                            211 Commerce Street, Suite 1000
                            Nashville, Tennessee  37201
                            Attorneys for the Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

On December 1, 2005, the Plaintiff filed a Complaint to Avoid Preferential Transfers (Complaint), asking the court to avoid, pursuant to 11 U.S.C.A. § 547 (West 2004), transfers made by the Debtor to the Defendant, United Furniture Industries, Inc., d/b/a Comfort Furniture, to grant him a judgment in the amount of $184,254.98, representing the aggregate sum of these transfers, plus pre-judgment interest, to be recovered for the benefit of the Debtor's estate under 11 U.S.C.A. § 550(a) (West 2004).[1]  The Defendant filed its Answer to Complaint to Avoid Preferential Transfers (Answer) on February 10, 2006, denying that the Debtor's payments to the Defendant were preferences and asserting statutory defenses that the payments were in the ordinary course of business, the transfers were intended to be contemporaneous exchanges for new value, and that the Defendant gave new value in exchange for the transfers.

Presently before the court is the Motion of G. Wayne Walls, Trustee for Partial Summary Judgment (Motion for Partial Summary Judgment) filed by the Plaintiff on October 27, 2006, arguing that no genuine issues of material fact exist and that he is entitled to a judgment that the Defendant's asserted statutory defenses are inapplicable as a matter of law.  Accompanying the Motion for Partial Summary Judgment are the Statement of Undisputed Material Facts in Support of Motion of G. Wayne Walls, Trustee for Partial Summary Judgment (Statement of Material Facts) and the Memorandum in Support of Motion of G. Wayne Walls, Trustee, for Partial Summary Judgment.  The Defendant also relies upon the following exhibits:  (1) the Asset Purchase and Sale Agreement dated May 19, 2003, between Rosey Rentals, L.P. and James Bonfiglio, in his capacity as Receiver for the Debtor; (2) the Defendant's Response to Plaintiff's First Requests for

---

[1] The Amendments to § 547 implemented by the Bankruptcy Abuse and Consumer Protection Act of 2005 have no application to this adversary proceeding.

Admissions, Interrogatories, and Requests for Production of Documents and Tangible Things dated July 31, 2006; (3) a copy of a cancelled check payable to the Defendant in the amount of $93,254.40; (4) a copy of a cancelled check payable to the Defendant in the amount of $42,520.00; and (5) a copy of a cancelled check payable to the Defendant in the amount of $48,480.58.

On November 15, 2006, the Defendant filed its Response in Opposition to Motion for Partial Summary Judgment (Response), arguing that the Plaintiff has not offered any proof or authority to support his contention that the transfers were not made in the ordinary course of business, were not contemporaneous exchanges for new value, or were not followed by subsequent new value, and accordingly, genuine issues of material fact exist. The Defendant also filed its Response and Objections to Plaintiff's Statement of Undisputed Facts in Support of His Motion for Partial Summary Judgment (Objection to Statement of Material Facts).

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(F) (West 1993).

## I

Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of the following events occurring during the course of the Debtor's bankruptcy case. An Involuntary Petition commenced the Debtor's Chapter 7 bankruptcy case on August 21, 2003. An order for relief was entered on December 4, 2003, and a Chapter 7 trustee was appointed on December 8, 2003.[2] The Plaintiff was appointed as interim substitute trustee on January 26, 2005, and he continues to

---

[2] Sterling P. Owen, IV, was originally appointed as Chapter 7 trustee, and he continued in that capacity until January 26, 2005.

3

act as Chapter 7 trustee. On December 1, 2005, the Plaintiff filed the Complaint initiating this adversary proceeding, seeking to avoid as preferential transfers the following payments made to the Defendant by the Debtor within the ninety-day period immediately preceding August 21, 2003, the date upon which the Debtor's involuntary bankruptcy petition was filed: (1) $42,520.00 on June 12, 2003; (2) $93,254.40 on June 19, 2003; and (3) $48,480.58 on July 26, 2003.

In support of the Motion for Partial Summary Judgment, the Plaintiff argues that the Debtor's payments to the Defendant were not in the ordinary course of business because they were made after the Debtor sold substantially all of its assets pursuant to the Asset Purchase Agreement with Rosey Rentals, L.P. dated May 19, 2003, at which time it ceased operations and doing business. Because the Debtor made the payments to the Defendant after it ceased doing business, the Plaintiff argues that these payments cannot be construed as being made within the ordinary course of business. Similarly, the Plaintiff argues that the Debtor's payments to the Defendant could not have been for a contemporaneous exchange for new value, nor could they have provided the Debtor with a subsequent new value because, at the time the transfers were made, the Debtor had ceased doing business and had sold substantially all of its assets.

The Defendant disputes the Plaintiff's statements that the Debtor sold substantially all of its assets pursuant to the Asset Purchase Agreement with Rosey Rentals, L.P., that the Asset Purchase Agreement was effective as of May 19, 2003, and that the Debtor ceased operating its business effective as of May 19, 2003. The Defendant also argues that the fact that the Debtor was writing checks subsequent to the May 19, 2003 Asset Purchase Agreement raises issues of material fact as to whether the Debtor was, in fact, operating enough to make payments that the Plaintiff now

contends were preferences, and accordingly, the Motion for Partial Summary Judgment should be denied.

**II**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (which applies in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted, but instead, simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The moving party bears the initial burden of proving that there are no genuine issues of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) (citing FED. R. CIV. P. 56(e)). The nonmoving party must cite specific evidence and may not merely rely upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the nonmoving party, *Matsushita*, 106 S. Ct. at 1356, and the court will decide whether "the evidence presents a sufficient disagreement to require submission to

a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

Having reviewed the Motion for Partial Summary Judgment, the Response, the Statement of Material Facts, the Objection to Statement of Material Facts, and the exhibits, the court finds that genuine issues of material fact exist to preclude entry of partial summary judgment. The Complaint seeks to avoid as preferential transfers a June 12, 2003 payment in the amount of $42,520.00, a June 19, 2003 payment in the amount of $93,254.40, and a July 26, 2003 payment in the amount of $48,480.58. The Plaintiff's cause of action arises pursuant to 11 U.S.C.A. § 547(b), which allows Chapter 7 trustees to avoid preferential transfers made by debtors to creditors if the transfer is made for the benefit of the creditor, on account of an antecedent debt, while the debtor was insolvent, within ninety days before the date of the filing of the petition, and the creditor received more than it would have in a Chapter 7 liquidation had the payment not been made. *See* 11 U.S.C.A. § 547(b).

Several statutory defenses to a preference action are set forth in 11 U.S.C.A. § 547(c), including the following asserted by the Defendant herein:

    (c) The trustee may not avoid under this section a transfer—

        (1) to the extent that such transfer was—

            (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

            (B) in fact a substantially contemporaneous exchange;

6

>     (2) to the extent that such transfer was—
>
>> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
>>
>> (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
>>
>> (C) made according to ordinary business terms; [or]
>
> . . . .
>
> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
>
>> (A) not secured by an otherwise unavoidable security interest; and
>>
>> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor[.]

11 U.S.C.A. § 547(c). The trustee alleging a preferential transfer bears the burden of proving the elements thereof, while a party asserting any of the § 547(c) statutory defenses bears the burden of proof that each element has been satisfied by a preponderance of the evidence. *See* 11 U.S.C.A. § 547(g). As it relates to this adversary proceeding, "'new value' means money or money's worth in goods, services, or new credit . . . ." 11 U.S.C.A. § 547(a)(2).

The "contemporaneous exchange" defense of § 547(c)(1) "has three elements: (1) both the debtor and creditor must intend the transfer to be a contemporaneous exchange; (2) the exchange must, in fact, be contemporaneous; and (3) the exchange must be for new value." *Stevenson v. Leisure Guide of Am., Inc. (In re Shelton Harrison Chevrolet, Inc.)*, 202 F.3d 834, 837 (6th Cir. 2000). "The classic exception to avoidance intended by Congress to be reflected in section 547(c)(1) is the exchange of goods or other 'value' for a check. Such transactions are generally intended to

be cash transactions, although some extension of credit is necessarily involved until the check is negotiated." *Ray v. Sec. Mut. Fin. Corp. (In re Arnett)*, 731 F.2d 358, 361 (6th Cir. 1984). Furthermore, "[a] vast majority of courts agree that 'new value' for purposes of § 547 must be something of tangible economic value. This view is in keeping with the purpose new value serves: replenishing the estate." *Phoenix Rest. Group, Inc. v. Fuller, Fuller & Assocs., P.A. (In re Phoenix Rest. Group, Inc.)*, 316 B.R. 671, 679 (Bankr. M.D. Tenn. 2004) (citations omitted).

Section 547(c)(2) "was intended to 'protect recurring, customary credit transactions which are incurred and paid in the ordinary course of business of the Debtor and the transferee.'" *Roberds, Inc. v. Broyhill Furniture (In re Roberds, Inc.)*, 315 B.R. 443, 454 (Bankr. S.D. Ohio 2004) (quoting *Waldschmidt v. Ranier (In re Fulgham Constr. Corp.)*, 872 F.2d 739, 743 (6th Cir. 1989)); *see also Brown v. Shell Canada Ltd. (In re Tenn. Chemical Co.)*, 112 F.3d 234, 238 (6th Cir. 1997) (holding that the purpose of this defense is to "allow suppliers and other furnishers of credit to receive payment within the course that has developed in the commercial relationship between the parties unless substantial deviations from established practices occur."). "[W]hether a payment is made in the ordinary course of business and according to ordinary business terms is a factual determination." *Fitzpatrick v. Cent. Commc'ns & Elecs., Inc. (In re Tenn. Valley Steel Corp.)*, 203 B.R. 949, 952 (Bankr. E.D. Tenn. 1996) (quoting *Yurika Foods Corp. v. United Parcel Serv. (In re Yurika Foods Corp.)*, 888 F.2d 42, 45 (6th Cir. 1989)). "[T]ransfers made by an insolvent debtor, which has ceased business operations, is liquidating its accounts receivable, and which is attempting to dissolve are generally transfers not made in the ordinary course of a debtor's business[,]" *Sicherman v. Jelm (In re Harvard Mfg. Corp.)*, 97 B.R. 879, 884 (Bankr. N.D. Ohio 1989); however, the court must

nevertheless consider factors such as "timing, the amount and manner a transaction was paid and the circumstances under which the transfer was made[,]" *Tenn. Valley Steel Corp.*, 203 B.R. at 952, and focus upon the specific business dealings between the parties as well as general business dealings within the industry itself. *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811, 813 (6th Cir. 1996).

The "new value" defense of § 547(c)(4) "creates an exception to the general rule that preferential transfers may be recovered for those situations in which a creditor provides new value after the preferential transfer is made but before the filing of the Debtor's bankruptcy petition," as long as the debtor did not pay for the new value by making a transfer to or for the creditor's benefit that would otherwise be unavoidable, and the new value is not secured by a security interest that would otherwise be unavoidable. *Tenn. Valley Steel*, 203 B.R. at 956.

> This affirmative defense is based on the premise that if a creditor receives a preference, but subsequently supplies new value . . . to the debtor, this subsequent new value should be a defense to the preference. The policy is that the creditor, having replenished the debtor's estate so that there has been no overall diminution in the estate, has not, in reality, been preferred by the debtor.

*Roberds, Inc.*, 315 B.R. at 468.

Because the Motion for Partial Summary Judgment is analyzed in a light most favorable to the nonmoving party, the court must agree with the Defendant that there are genuine issues of material fact to preclude entry of partial summary judgment against it with respect to its reliance upon the aforementioned statutory defenses. The Plaintiff relies almost entirely upon the issue that the Debtor had sold substantially all of its assets on May 19, 2003, pursuant to the Asset Purchase Agreement with Rosey Rentals, L.P. And, while this document does provide for the conveyance of

the Debtor's assets to Rosey Rentals, L.P., there are, as the Defendant contends, several conditions required by the Asset Purchase Agreement, which states that the sale will close on May 29, 2003. The Defendant disputes that the Asset Purchase Agreement, in and of itself, is sufficient to prove that these conditions were met, and the transaction was completed on the May 29, 2003 closing date. Additionally, although the parties do not dispute the dates of the payments from the Debtor to the Defendant, the nature of those payments is disputed, as is the issue of whether the Debtor had ceased doing business after May 19, 2003. Because of these genuine issues of material fact, the Plaintiff's Motion for Partial Summary Judgment filed on October 27, 2006, will be denied.

An order consistent with this Memorandum will be entered.

FILED: December 12, 2006

> BY THE COURT
>
> /s/  RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE